NOTICE

Decision filed 07/17/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231231-U

NO. 5-23-1231

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 22-CF-34 |
| | ) | |
| DENNIS D. KELLY, | ) | Honorable |
| | ) | Christopher J.T. Bauer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Cates and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant failed to establish that he received ineffective assistance of counsel and that he was denied a fair trial due to the cumulative effect of counsel's alleged deficient performance.

¶ 2    Following a jury trial in the circuit court of Bond County, defendant, Dennis D. Kelly, was convicted of aggravated criminal sexual assault, criminal sexual assault, and aggravated criminal sexual abuse. The trial court sentenced defendant to an aggregate 26½-year prison term. Defendant appeals, arguing that he received ineffective assistance of counsel at the trial and sentencing hearing. Defendant also argues that defense counsel's cumulative errors deprived him of his due process right to a fair trial. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      We limit our recitation to the facts necessary for the disposition of this appeal. Additional details relevant to specific claims on appeal will be discussed in the analysis section of each claim as necessary. On March 16, 2022, the State charged defendant by information with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(e) (West 2020)). The State subsequently filed a second amended information, realleging the aggravated criminal sexual abuse charge but adding additional charges, including one count of aggravated criminal sexual assault (*id.* § 11-1.30(c)) and two counts of criminal sexual assault (*id.* § 11-1.20(a)(1), (a)(2)). The charges were based on allegations that defendant touched the penis of J.S., a person with a severe or profound intellectual disability, and placed his finger in the anus of J.S.

¶ 5      On March 25, 2022, defendant appeared at a hearing before the trial court regarding J.S.'s father's request for an order of protection. The court advised defendant of the recently filed information. Defendant was initially responsive to the court, indicating that he understood the charges, the possible penalties, and his trial rights. Defendant became unresponsive when the court advised defendant of his right to counsel. Defendant claimed he was member of the clergy and was only able to respond, "no contest."

¶ 6      At a hearing held on April 21, 2022, the trial court found a *bona fide* doubt existed as to defendant's fitness to stand trial based on defendant's prior behavior in court and his refusal to appear in court. The court appointed defendant counsel and ordered Dr. Daniel J. Cuneo to conduct a fitness evaluation. At a hearing held on April 28, 2022, defense counsel advised that defendant refused to speak with counsel at the jail.

¶ 7      On May 16, 2022, the trial court held a fitness hearing after receiving Dr. Cuneo's report. Defendant refused to participate in the hearing. Based on Dr. Cuneo's report, the court found that

2

defendant was unfit to stand trial and that a substantial probability existed that defendant, if provided with a course of treatment, would attain fitness within one year. The court remanded defendant to the custody of the Department of Human Services (DHS) for the purpose of receiving treatment on an inpatient basis.

¶ 8 On September 19, 2022, after defense counsel filed several petitions for rule to show cause, defendant was admitted to Alton Mental Health Center. Thereafter, DHS submitted fitness progress reports to the trial court.

¶ 9 On February 1, 2023, the trial court held a hearing after receiving a fitness progress report. Defendant appeared via video conference from the county jail. The State and defense counsel stipulated to the court's consideration of the expert opinions contained in the report. Defense counsel stated that, based on his limited contact with defendant, he believed defendant was "lucid at the present time." Based on the report, the court found that defendant had attained fitness to stand trial. Defendant also appeared via video conference and was responsive to the court at hearings held on March 8, 2023, and April 17, 2023.

¶ 10 At a hearing held on May 8, 2023, defendant appeared and responded to the trial court when questioned. When the court inquired whether there were any fitness issues, defense counsel responded, "No, Your Honor. I believe [defendant] understands the nature of the proceedings and what is going on in this case." Defendant also appeared at hearings and was responsive to the court on May 10, 2023, May 15, 2023, May 17, 2023, May 24, 2023, and June 21, 2023.

¶ 11 At a hearing held on July 18, 2023, the trial court acknowledged the "prior fitness issues" and asked defense counsel if he had any concerns with defendant's ability to assist in his defense. Defense counsel responded that defendant was reluctant to discuss the issues in the case with counsel and that defendant had "anxiety issues regarding this matter" but that defendant did have

a general understanding of the case. Defendant agreed to "spend time" with defense counsel. Defendant appeared at a hearing and was responsive to the court on July 25, 2023. At the hearing, defense counsel also confirmed that he recently had "fruitful conversation" with defendant. Defendant also appeared at a hearing via videoconference and was responsive to the court on July 28, 2023.

¶ 12    On July 31, 2023, defendant's jury trial was set to commence and defendant failed to appear. Defense counsel learned that defendant had informed jail staff that "he was not coming." Defense counsel advised that defendant had stated that he did not feel well when counsel spoke with him at the jail. Defense counsel had emphasized to defendant the importance of his presence at trial. Defense counsel further advised that he had spoken with defendant several days earlier and defendant seemed "normal and ready to go to trial." According to the State, jail staff reported that defendant was not ill and that he "just [chose] not to come to trial today." Defense counsel responded that he did not specifically ask defendant if he was ill.

¶ 13    Benjamin Haberer, a correctional sergeant at the Bond County jail, then testified in court. Defendant advised Sergeant Haberer that he did not "feel like going" to court and that there "was no sense in going." Defendant did not state that he was sick. When defense counsel asked if defendant exhibited any anxiety, Sergeant Haberer responded, "Not outwardly I wouldn't say." When counsel asked if some people showed anxiety through inactivity, Sergeant Haberer responded, "I don't know enough to know about that."

¶ 14    Defense counsel moved to continue the trial, arguing that defendant's absence "would certainly make matters complicated." The State objected, arguing that defendant chose not to be present for trial. The trial court denied defense counsel's motion, finding that defendant was willfully avoiding court. A jury was selected and the State began presenting evidence.

4

¶ 15    When the jury trial reconvened the following day, on August 1, 2023, defendant again did not appear. Defense counsel admitted that he had not "had any real contact" with defendant. Sergeant Haberer again testified regarding his observations of defendant. Sergeant Haberer testified that defendant was out in the day room socializing with other jail occupants the previous day, which differed from his usual behavior of remaining in his cell. When Sergeant Haberer advised that defendant had court the morning of August 1, 2023, defendant responded that he felt ill and was not going to court. Sergeant Haberer did not observe any signs of defendant being ill. After the State asserted that defendant was willfully choosing not to come to court, defense counsel responded, "I don't know about willfulness but I know that in the past this has been a pattern of behavior." The court again found that defendant was willfully avoiding court. Additional evidence from the State was heard, and then the trial adjourned for a lunch break.

¶ 16    Defendant was present when the trial reconvened after the lunch break. Defense counsel called defendant's mother and defendant to testify on defendant's behalf. The defense then rested. The jury subsequently found defendant guilty on all counts.

¶ 17    On August 31, 2023, the trial court held a sentencing hearing. Defendant was not present at the hearing. Defense counsel advised that he had not spoken with defendant prior to the hearing and that he had only seen the top of defendant's head through the chuckhole of his jail cell. Defense counsel believed that defendant's absence was "a voluntary decision." Defense counsel indicated that he would have filed a motion to continue if he believed defendant would appear at a later date. The court then proceeded with sentencing. The court considered the presentence investigation report, which included the fitness progress report finding defendant fit to stand trial. Defense counsel presented the testimony of defendant's mother and argued that one statutory mitigating factor applied. The court ultimately sentenced defendant to an aggregate 26½-year prison term.

5

¶ 18    On September 29, 2023, defense counsel filed a motion to reconsider defendant's sentence, which the trial court denied on November 29, 2023. Defendant filed a timely notice of appeal.

¶ 19                                              II. ANALYSIS

¶ 20    On appeal, defendant argues that he received ineffective assistance of counsel at the trial and sentencing hearing. Defendant also argues that the cumulative impact of counsel's alleged errors deprived him of his due process right to a fair trial.

¶ 21                                        A. Ineffective Assistance

¶ 22    Defendant argues that defense counsel was ineffective for four reasons: (1) counsel failed to raise the issue of his fitness at any time throughout the jury trial and sentencing hearing, (2) counsel failed to object to the jury trial and sentencing hearing proceeding in his absence, (3) counsel failed to subject the State's case to meaningful adversarial testing, and (4) counsel failed to properly object to the trial court's consideration of the written fitness examination report during the sentencing hearing. Claims of ineffective assistance of counsel are analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance so prejudiced the defendant as to deny him a fair trial." *People v. Mitchell*, 189 Ill. 2d 312, 332 (2000) (citing *Strickland*, 466 U.S. at 687). A defendant must establish both prongs to succeed on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Because the failure to establish either prong makes the entire claim fail, a reviewing court need not first determine that there was deficient performance prior to looking at whether a defendant was prejudiced by any alleged deficient performance. *Id.* at 687, 697. Where, as here, the trial court has made no factual determinations relating to defense counsel's

6

effectiveness, we review defendant's ineffective assistance of counsel claims *de novo. People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 25. With this in mind, we consider defendant's specific claims on appeal.

¶ 23                                               1. Fitness

¶ 24    Defendant first argues that he received ineffective assistance when defense counsel failed to raise the issue of defendant's fitness pursuant to section 104-11(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-11(a) (West 2022)) during the trial and sentencing hearing. We note, however, that defendant has failed to adequately argue in his brief to this court that he was prejudiced by defense counsel's failure in this regard—an essential element to a claim of ineffective assistance of counsel. See *Strickland*, 466 U.S. at 687 (a defendant must establish both prongs to succeed on a claim of ineffective assistance of counsel). While defendant cites *Strickland* for the proposition that he was required to show that there was a reasonable probability that, but for defense counsel's failure, the result of the proceeding would have been different, defendant's brief includes no argument demonstrating how defense counsel's failure to request a fitness hearing prejudiced him. See *People v. Cherry*, 2016 IL 118728, ¶ 30 (noting that defendant "made no attempt in the appellate court either to address or to satisfy *Strickland*'s prejudice prong, and consequently any argument to that effect is now forfeited"); see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). We additionally note that to establish that defense counsel's alleged incompetency prejudiced him within the meaning of *Strickland*, defendant was required to show that facts existed at the time of his trial and sentencing hearing that would have raised a *bona fide* doubt of his fitness, "that the trial court would have found a *bona fide* doubt of his fitness[,] and ordered a fitness hearing if it had been apprised of the evidence now offered."

7

*People v. Easley*, 192 Ill. 2d 307, 319 (2000) (citing *People v. Johnson*, 183 Ill. 2d 176, 193 (1998); *People v. Eddmonds*, 143 Ill. 2d 501, 512-13 (1991)). While defendant argues in his brief that counsel was deficient for failing to request a fitness hearing, defendant does not argue that the trial court would have found a *bona fide* doubt of his fitness and ordered a fitness hearing had counsel requested one. Because defendant's brief includes no argument addressing the prejudice prong of *Strickland*, he has forfeited review of this claim on direct appeal. See *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research.").

¶ 25                                    2. Defendant's Absence

¶ 26    Defendant next argues that he received ineffective assistance when defense counsel failed to object to the jury trial and sentencing hearing proceeding in his absence. As with the first issue, however, we note that defendant has failed to adequately argue in his brief to this court the essential element of prejudice. See *Strickland*, 466 U.S. at 687 (a defendant must establish both prongs to succeed on a claim of ineffective assistance of counsel). Defendant's brief includes three paragraphs discussing defense counsel's deficient performance. Defendant argues that defense counsel's performance was deficient when counsel failed to object to defendant's absence at the trial and sentencing hearing. Defendant further argues that defense counsel's performance was deficient when counsel failed to object to the trial court's findings that defendant was willfully avoiding court and when counsel agreed that defendant's absence at the sentencing hearing was voluntary. Defendant maintains that counsel should have argued that defendant's failure to appear was due to mental illness. Defendant appears to raise a similar argument to that raised in his first claim—that counsel was ineffective for failing to raise the issue of defendant's fitness. However, defendant again fails to include any argument in his brief addressing the prejudice prong of

8

*Strickland*. Specifically, defendant fails to argue that trial court would have found a *bona fide* doubt of his fitness and ordered a fitness hearing had counsel requested one. Defendant also fails to argue that the court would have granted any additional request for a continuance had counsel made additional requests based on defendant's alleged mental illness.[1] Accordingly, defendant fails to argue that there was a reasonable probability that the result of the proceedings would have been different had counsel requested a continuance and that there was a reasonable probability that his sentence was affected due to counsel's failure to object to his absence. See *People v. Steidl*, 177 Ill. 2d 239, 257 (1997) ("Ineffective-assistance-of-counsel claims concerning a sentencing hearing must show that counsel's performance fell below minimal professional standards and that a reasonable probability exists that the sentence was affected by the poor performance."). Because defendant's brief includes no argument addressing the prejudice prong of *Strickland*, he has forfeited review of this claim on direct appeal. *Cherry*, 2016 IL 118728, ¶ 30; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 27                                    3. Meaningful Adversarial Testing

¶ 28    Defendant next argues that defense counsel was ineffective by failing to subject the State's case to meaningful adversarial testing. Defendant maintains that defense counsel abdicated his role as an advocate by failing to raise an issue regarding defendant's fitness and by agreeing that defendant's absence was voluntary. Unlike his previous claims, defendant argues that prejudice is presumed under these circumstances.

¶ 29    Defendant cites *United States v. Cronic*, 466 U.S. 648 (1984), in support of his contention that prejudice is presumed. As defendant correctly notes, prejudice may be presumed when counsel

---

[1]We note that defense counsel did request a continuance on the first day of defendant's trial and the court denied counsel's request.

entirely fails to subject the prosecution's case to meaningful adversarial testing. *Id.* at 659. Defendant also relies on *People v. Dodson*, 331 Ill. App. 3d 195, 193-97 (2002), where this court held that the defendant's trial counsel abdicated her role as an advocate when she entered a stipulated bench trial admitting defendant's guilt without receiving any concession from the State after the defendant insisted on pleading not guilty.

¶ 30    We do not find *Cronic* or *Dodson* applicable to the facts of the present case. In our view, *Cronic* and *Dodson* apply in cases where a defendant's counsel failed to function in any meaningful sense as the State's adversary at trial, not in cases where a defendant's counsel fails to request a fitness hearing or fails to object to the defendant's absence at trial or sentencing. See *Cronic*, 466 U.S. at 666. As the State correctly notes, this matter proceeded to a jury trial without any stipulation admitting defendant's guilt. At trial, defense counsel cross-examined witnesses, moved for a directed verdict, presented testimony on defendant's behalf, and made a closing argument challenging elements of the State's case. At sentencing, defense counsel presented testimony of defendant's mother, argued that a mitigating factor applied, and requested the minimum sentence. Thus, we agree with the State that *Cronic* and *Dodson* do not support defendant's argument that prejudice is presumed. We also agree with the State's assertion that defendant is attempting to "repackage the arguments made in his first two claims." As noted, defendant was required to satisfy both prongs of *Strickland* in order to establish an ineffective assistance claim regarding these specific errors. See *Cronic*, 466 U.S. at 666. Because prejudice is not presumed under the circumstances of this case and defendant failed to address or satisfy the *Strickland* prong of prejudice, defendant's claim that counsel failed to subject the State's case to meaningful adversarial testing fails.

¶ 31                                    4. Fitness Report

¶ 32    Defendant next argues that defense counsel was ineffective for failing to object to the trial court's consideration of the fitness report at the sentencing hearing. In support, defendant relies on *People v. Williams*, 2018 IL App (4th) 150759. In *Williams*, the Fourth District considered whether the trial court's consideration of a fitness examination report at sentencing constituted plain error. *Id.* ¶ 15. In doing so, the Fourth District concluded that section 104-14 of the Code (725 ILCS 5/104-4(c) (West 2022)) prohibited the trial court from considering the fitness examination report at the sentencing hearing and that the trial court considered the report in aggravation when sentencing the defendant. *Id.* ¶¶ 20-21. The Fourth District concluded that the trial court's improper consideration of the fitness examination report in aggravation constituted second-prong plain error. *Id.* ¶ 22.

¶ 33    Unlike *Williams*, defendant, here, raises a claim of ineffective assistance of counsel, not plain error. Accordingly, this court must consider only whether defense counsel's reliance on the fitness report fell below minimal professional standards and whether a reasonable probability exists that defendant's sentence was affected by counsel's poor performance. See *Steidl*, 177 Ill. 2d at 257 ("Ineffective-assistance-of-counsel claims concerning a sentencing hearing must show that counsel's performance fell below minimal professional standards and that a reasonable probability exists that the sentence was affected by the poor performance.").

¶ 34    In the present case, defendant cannot demonstrate that defense counsel's reliance on the fitness examination report fell below minimal professional standards. Defense counsel relied on the report as evidence in mitigation at sentencing. Specifically, defense counsel asserted that defendant's mental issues demonstrated that when he committed the offenses, he suffered from a serious mental illness that substantially impacted his ability to appreciate the nature and illegality

of his acts—a statutory mitigating factor. Thereafter, the court stated, "[i]n considering the mitigating factors, initially I believed there were no factors in mitigation that applied here." The court stated, however, that defense counsel "accurately pointed out" that a mitigating factor applied. Moreover, the court did not impose the maximum prison term allowed for the offenses. Accordingly, unlike *Williams*, the court, here, considered the fitness report as evidence in mitigation as opposed to evidence in aggravation. For this reason, we conclude that defendant failed to establish that counsel's performance was deficient and, thus, he failed to establish a claim of ineffective assistance of counsel.

¶ 35                                    B. Due Process

¶ 36    Lastly, defendant argues that the cumulative impact of defense counsel's failures deprived him of his due process right to a fair trial. In a due process claim based on cumulative unpreserved errors, the defendant must demonstrate that the alleged errors constituted clear or obvious errors and that the cumulative impact of those errors affected the fairness of the trial and challenged the integrity of the judicial process. *People v. Quezada*, 2024 IL 128805, ¶ 55.

¶ 37    Given our conclusion that defendant failed to establish any claims of ineffective assistance of counsel, defendant has failed to establish that any errors cumulatively deprived him of due process. See *People v. Gilker*, 2023 IL App (4th) 220914, ¶ 104. ("Because we have concluded that each of defendant's claims fails on the merits, his argument of cumulative error based on those individual claims also fails.").

¶ 38                                    III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the judgment of the circuit court of Bond County.

¶ 40    Affirmed.